## Case No. 11,907.

### ROBERTS v. NELSON.

[8 Blatchf. 74;[1] 10 Am. Law Reg. (N. S.) 115; 40 How. Prac. 387.]

Circuit Court, S. D. New York. Nov. 30, 1870.

REMOVAL OF CAUSES—JURISDICTIONAL AMOUNT—SUMMONS—SUBSEQUENT REDUCTION—ASSIGNMENT.

1. This suit was commenced in a state court, August 1st, 1870, by the service of a summons for a money demand, on contract, demanding $330.25, and interest from July 1st, 1858, and costs of suit, and was removed into this court by the defendant, under the 12th section of the act of September 24th, 1789 (1 Stat. 79), the petition for removal stating that the matter in dispute in the suit exceeded the sum of $500, exclusive of costs. The plaintiff moved this court

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

to remand the cause to the state court, on the ground that, by the summons, the amount in dispute could not be properly said to be over $500: Held, that the case was a proper one for removal, and that the motion must be denied.

2. The right of removal depends upon the facts as they exist when the suit is commenced.
[Cited in Carrick v. Landman, 20 Fed. 210.]
[Cited in brief in Keiser v. Cox, 116 Ill. 26, 4 N. E. 384.]

3. The jurisdiction of this court having once attached, no subsequent event can divest it. It cannot be divested by a reduction, by the declaration filed in this court, of the amount of the claim.

4. Where, by the declaration filed in this court, it appeared that a part of the demand was a claim for merchandise sold to the defendant by one P., who afterwards assigned such claim to the plaintiff, and neither P. nor the defendant was a citizen of the state where the suit was brought, and the plaintiff moved to remand the cause to the state court, on the ground that the suit, so far as such claim was concerned, was a suit to recover the contents of a chose in action, and could not, under the 11th section of the said act, have been brought by P., if he had not assigned such claim: Held, that this court had a right to proceed in the suit in respect to the rest of the demand, even though it was not over $500 in amount, exclusive of costs, and that the motion must be denied, both in respect to the entire suit, and in respect to such claim.

[This was an action by William H. Roberts against Rensselaer R. Nelson. Heard on motion to remand.]

Rocellus S. Guernsey, for plaintiff.
Edward H. Hawke, for defendant.

BLATCHFORD, District Judge. This is a motion on the part of the plaintiff for an order remanding this suit to the supreme court of the state of New York. It was commenced in that court by the service on the defendant of a summons dated August 1st, 1870, unaccompanied by the service or filing of a complaint. The summons is called, on its face, a "summons for a money demand, on contract." It notifies the defendant that the complaint will be filed, without specifying when, and requires him to answer it within twenty days after the service of the summons, and notifies him that, if he shall fail to do so, the plaintiff will take judgment against him for the sum of $330.25, with interest from July 1st, 1858, besides the costs of the action. The time for the defendant to appear or answer was extended, by consent, until October 15th, 1870. The defendant entered his appearance in the state court, in the suit, on the 14th of October, and at the same time filed therein a petition praying for the removal of the suit into this court, and offered proper surety therefor. On the 17th of October, the state court, on such petition, entry of appearance and offer of surety, made an order, stating that it was made to appear, to the satisfaction of that court, that this suit was commenced, in that court, by a citizen of the state of New York, against a citizen of the state of Minnesota,

and that the matter in dispute exceeded the sum of $500, exclusive of costs, and ordering that such surety be accepted, and that the suit be removed for trial into this court. The proceedings for removal were instituted under the provisions of the 12th section of the act of September 24th, 1789 (1 Stat. 79). The petition presented to the state court by the defendant, stated that the matter in dispute in the suit, and for which the suit was brought, exceeded the sum of five hundred dollars, exclusive of costs, and a copy of the summons was annexed to the petition. No proceeding other than the service of the summons took place in the state court prior to the filing by the defendant of the papers for removal. Copies of the process and the other papers in the suit were entered in this court, and, subsequently, the plaintiff filed a declaration in this court, in the suit, in assumpsit, in which he counts on an indebtedness due to him by the defendant July 1st, 1858, amounting to $287.25, less a payment thereon of $100. April 16th, 1858, and also on an indebtedness due to one Pierce, by the defendant, April 10th, 1858, for merchandise then sold by Pierce to the defendant, amounting to $43.25, and an assignment of such claim by Pierce to the plaintiff, in 1867. The declaration claims to recover $230.50, and interest thereon from July 1st, 1858, and avers that the plaintiff brought this suit in the supreme court of the state of New York, by summons, and that an order was made in that court, on the motion of the defendant, transferring the action to this court. The declaration also states, that the suit is brought by the plaintiff in his own behalf, and also in behalf of his assignor, Pierce, "a citizen of the state of New Jersey since the year 1860." After filing this declaration, the plaintiff now makes the motion to remand, on an affidavit alleging that the declaration is for $187.25, and interest thereon from January 1st, 1859, and for the Pierce claim, assigned to the plaintiff, and interest thereon from July 1st, 1858, and that Pierce is not now, and has not been since the year 1860, a citizen of the state of New York, but a citizen of the state of New Jersey.

One ground urged in support of the motion is, that the amount claimed in the summons was only $330.25, and interest from July 1st, 1858; that this amount could not be said to be over $500; that it might or might not have brought the recovery to over $500; and that the rate of interest might have been, by agreement, such as to have made the recovery less than over $500. The petition in the state court avers positively, that the matter in dispute in the suit, and for which the suit is brought, exceeds the sum of $500, exclusive of costs. This makes a case directly within the 12th section of the act of 1789. The right of removal depends upon the facts as they exist when the suit is commenced. The language of the section is, that, if "a suit be commenced," &c., "and

the matter in dispute exceeds," &c. The plaintiff does not now assert that the matter in dispute when the suit was commenced, did not, as shown by the summons, exceed $500, exclusive of costs, or that the sum of $330.25, with interest from July 1st, 1858, to August 1st, 1870, did not amount to $500. On the record in the state court, it must be held that the matter in dispute exceeded, when the suit was commenced, the sum of $500, exclusive of cost. The jurisdiction of this court having once attached, no subsequent event could divest it. Clarke v. Matthewson, 12 Pet. [37 U. S.] 164. Therefore, the reduction of the amount of the claim by the declaration filed in this court cannot affect the question.

The second ground in favor of the motion to remand is, that this court is forbidden to take cognizance of the suit. The 11th section of the said act of 1789 provides, that this court shall not have cognizance of any suit to recover the contents of any chose in action, in favor of an assignee, unless a suit might have been prosecuted therein to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange. It is claimed that the debt of $43.25 is a chose in action; that a suit for it could not have been prosecuted in this court by the assignor, Pierce, a citizen of New Jersey, against the defendant, a citizen of Minnesota; that this court has no cognizance of this suit, so far as the debt for the $43.25 is concerned; and that, therefore, this court has no cognizance of any part of the suit. Admitting that this court has no cognizance of the suit so far as concerns the right to recover the amount due on the claim assigned by Pierce to the plaintiff, it by no means follows that it has no right to proceed in the suit in respect to the other claim. I think it has. The asserting by the plaintiff, in his declaration, of a right to recover the $43.25, in this court, in the suit, when he has no such right, cannot be allowed to give him the right, on his own motion, to send the entire case back to the state court, and deprive the defendant of a right to a trial in this court in respect of the other claim set up in the declaration. Nor is it a ground for granting the motion to remand the entire suit, that, if the claim for the $43.25 be stricken out, the other claim will, with interest, not amount to over $500, exclusive of costs. The jurisdiction of this court over the case having been complete when it was removed, cannot be ousted by the action of the plaintiff in inserting such a claim in the declaration as the claim for the $43.25. Nor is the insertion of such a claim a ground for remanding so much of the case as concerns such claim. If this court cannot give judgment for the plaintiff for such claim, he can sue to recover its amount in some proper court. If he does not desire to proceed in this court in respect of the other claim, he can discontinue the entire suit. But, on the

record, the defendant has a right now to retain the case in this court, and the motion to remand must be denied.