## New York Marine Court.

*Special Term—March*, 1880.

## ELIZABETH GEIGER *against* THE UNION MUTUAL LIFE INSURANCE COMPANY.

**Removal to United States Court under the local prejudice act.**
The petition need not state the particular reasons for the local prejudice. The right to the removal becomes perfect on filing the petition, and the plaintiff cannot defeat it by reducing the amount demanded to less than $500.

McAdam, J.—The petition for removal to the United States Circuit Court shows that the plaintiff is a resident of the State of New York, and that the defendant is a corporation created under the laws of the State of Maine. That the amount in dispute exceeds $500, and that the petitioner has reason to believe and does believe that from prejudice or local influence it will not be able to obtain justice in this court.

It is not necessary to state in the affidavit the reasons or facts showing the local influence or prejudice ; for these are not traversable matter either in the State or Federal court (*Dillon on Removal of Causes*, 62). The bond accompanying the petition seems to be in proper form, and the order for removal must be signed, as of course. In order to defeat the application the plaintiff offers to reduce the demand to an amount less than $500. The offer comes too late.

The right to a removal became perfect on filing the petition and bond, and it is not in the power of the plaintiff to defeat it in either court by release or by amendment of the complaint declaring for less than $500 (see Kanouse *v.* Martin, 15 *How. U. S.* 198 ; Wright *v.* Wells, 1 *Pet. C. C.* 220 ; Green *v.* Custard,

23 *How. U. S.* 468 ; Roberts *v.* Nelson, 8 *Blatchf.* 74). Motion granted.