## THOMPSON v. SOUTHERN RY. CO.

### (Circuit Court, N. D. Alabama, N. D.   July 30, 1902.)

**1** UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—COM-
PLAINT.

Where a complaint in each of three counts claimed for personal inju-
ries "the sum of $1,990 damages," and in two other counts "the further
sum of $1,990 damages," the court, though morally certain that it was
intended to claim damages for but one cause of action, cannot remand
the case for want of jurisdiction apparent on the face of the complaint,
as it is legally possible to recover on more than one count, under Code
Ala. § 3293, providing that a plaintiff can sue in the same action for
separate and independent torts, and recover damages for each in one
suit.

### Motion to Remand to State Court.

The complaint filed in this suit in the state court contains five counts.
In each count plaintiff, Thompson, claims damages of the defendant for
personal injuries sustained by him while a passenger on the defendant's
road, between Bel Mina and Huntsville, Ala., on January 7, 1901. The first
three counts claim of the defendant "the sum of nineteen hundred and
ninety dollars damages." The fourth and fifth counts claim "the further
sum of nineteen hundred and ninety dollars damages." All of the counts
refer to injuries to plaintiff's ear, as follows: "Impairing his hearing" in
one ear; rendering him "almost totally deaf in one ear"; almost "total
loss of hearing in one ear"; permanently "injured by loss of hearing in one
ear." Several of the counts conclude with the words, "all to the plaintiff's
damage aforesaid." The defendant's petition, on which the case was re-
moved, states, among other things, that "the amount in dispute in this case
exceeds the sum of two thousand dollars, exclusive of interest and costs."
The petition is sworn to by an attorney of the defendant, who states that
"the statements therein are true of his own knowledge, except as to matters
alleged on information and belief, and as to those matters he believes
them to be true." Plaintiff moves to remand the cause on several grounds,
which all resolve themselves into the objection that "the United States
court has no jurisdiction of this cause as shown by the complaint or dec-
laration; for the amount in controversy is below the jurisdictional sum of
two thousand dollars, and the amount involved or claimed in plaintiff's
complaint or declaration is nineteen hundred and ninety dollars." Another
ground of the motion to remand is that "the allegation in the petition for
removal is untrue and in conflict with the plain averments of plaintiff's
complaint or declaration, and that for the purpose of the hearing on this
application the pleadings in said cause in the state court and the petition
and bond filed by plaintiff are made a part of this motion, and asked to be
taken and considered herewith as a part thereof." The certified transcript
of the proceedings in the state court, and sworn petition for removal and
the bond, are the only matters offered in support of the motion.

T. C. McClellan, for the motion.
Humes, Sheffey & Speake, opposed.

JONES, District Judge (after stating the facts as above). What
is the amount in controversy here? In view of every-day experience,
it makes unpardonable drafts on the credulity of an ordinary man's

¶ 1. Jurisdiction of circuit courts as determined by the amount in contro-
versy, see notes to Auer v. Lombard, 19 C. C. A. 75; Shoe Co. v. Roper, 36
C. C. A. 459.

mind to ask him to believe that the plaintiff met with five different accidents, in consequence of negligence in the management of a train, on the same day, on trips over a modern railroad, between two stations not over twenty miles apart, and that in each of these five accidents the same passenger was so unfortunate as to receive injuries to "one of his ears." Morally, the court is satisfied that the five counts, instead of being intended to present separate and independent causes of action based on different injuries, meant only to· meet varying phases of the proof as to one and the same injury. If the court could act on this moral satisfaction, it would unhesitatingly remand this cause.

In Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729, it is held:

"A suit cannot properly be dismissed by the circuit court of the United States as not substantially involving a controversy within the jurisdiction of the court unless the facts, when made to appear on the record, create a legal certainty of that conclusion."

Speaking of the order of dismissal there the supreme court said:

"The circuit court exercises a legal, not a personal, discretion, which must be exerted in view of facts sufficiently proven and controlled by fixed principles of law. It might happen that the judge on the hearing or trial of the cause would receive impressions, amounting to a moral certainty, that it does not really and substantially involve a suit or controversy within the jurisdiction of the court; but upon such personal conviction, however strong, he would not be at liberty to proceed, unless the facts· on which the persuasion is based, when made distinctly to appear on the record, create a legal certainty of the conclusion based on them. Nothing less than this is meant by the statute when it provides that the failure of its jurisdiction on this account shall appear to the satisfaction of the court."

This court, then, is not "at liberty" to remand, unless the "facts on which the persuasion is based"—here the record and petition for removal—create a "legal certainty" of the conclusion that only $1,990 damages are claimed. The suit here is for personal injuries. The law provides no fixed measure of recovery in cases of this kind, and it falls within the principle, "when the law gives no rule, the demand of the plaintiff must furnish one." Wilson v. Daniel, 3 Dall. 401, 1 L. Ed. 655.

How, then, is this complaint to be construed in ascertaining the amount of damages claimed? What is meant by the allegation in several of the counts that plaintiff claims "the further sum of nineteen hundred and ninety dollars?" One meaning of "further" is "additional." In Maupay v. Holley, 3 Ala. 103, it is said: "Where the declaration contains several counts, each count is considered and treated as the statement of a different action. They are as distinct as if they were in separate declarations." In Robinson v. Drummond, 24 Ala. 174, it is said: "If there is no express reference to one another, the separate counts are as distinct as if contained in a separate declaration." See, to the same effect, Railroad Co. v. Dusenberry, 94 Ala. 413, 10 South. 274, and Castro v. De Uriarte (D. C.) 12 Fed. 250. It is "legally possible" for the plaintiff to recover under each count. Hayward v. Manufacturing Co., 29 C. C. A. 438, 85 Fed. 4; Armstrong v. Ettleshon (C. C.) 36 Fed. 209. Under our

practice, the plaintiff can sue in the same action for separate and independent torts, and recover damages for each in one suit. Code Ala. § 3293; Railroad Co. v. Cofer, 110 Ala. 491, 18 South 110.

If the separate counts are to be treated "as distinct as if they were in separate declarations," how can the court arrive at a "legal certainty," when the question is tested solely on the allegations of the complaint and petition for removal, that separate and distinct injuries are not declared on in the different counts? The counts do not state that they are based on one and the same physical hurt or on one and the same legal wrong to the plaintiff. On this issue it is admissible to construe the complaint most strongly against the pleader in favor of the defendant. It is possible that the plaintiff met with more than one accident, involving injuries to his ear, on the same day, on trips between Huntsville and Bel Mina. If he did meet with more than one injury, the language of the complaint is appropriate to a claim for damages for separate injuries in different counts, and the amount in controversy is clearly within the jurisdiction. It is "legally possible" on the face of the complaint for him to recover for more than one injury. The court has only the complaint and the sworn petition for removal to look to, and cannot say that the facts as "made distinctly to appear on the record" create a "legal certainty" of the conclusion that only one injury is declared on in the several counts.

Uninfluenced by the decision in Barry v. Edmunds, supra, the court would hold, in view of the known practice of the profession in drawing such complaints, that as the complaint is susceptible of two constructions, one of which leaves this court without jurisdiction, doubts as to its proper construction should be resolved against the jurisdiction. Barry v. Edmunds, while not dealing with the matter of claims in separate counts, is quite emphatic in laying down the rule that the moral satisfaction of the judge as to the want of jurisdiction does not authorize a remand of a prima facie case, if the conclusion does not appear as a "legal certainty" from facts "distinctly" made to appear on the record before the court. Speaking of the judgment of the lower court which was reversed, the supreme court observed: "The action of the lower court is not based on evidence of an attempted fraud upon the jurisdiction of the court, but upon the assumption, as matter of law, that upon the face of the declaration no recovery could be legally had of an amount sufficient to make the matter in dispute equal to that required to maintain its jurisdiction." Here the court is met with the same difficulty. If it remands the cause it must be "upon the assumption as matter of law" that upon the face of the declaration "no recovery could be legally had" of an amount sufficient "to make the matter in dispute equal to that required to maintain its jurisdiction." If the decisions of the supreme court of Alabama and the others cited are right as to the proper construction of a complaint containing several counts, the court cannot assume "as matter of law" that only one injury is complained of here, and that all the counts relate to it. If they do not, a sufficient amount of damages is claimed to bring this case within the jurisdiction. Whether it will be the duty of the court to retain

this case if it shall be made to appear on the trial that but one wrong is complained of, in the several counts, is a question not now before me.

The motion to remand the cause is denied.