## KIRBY *v.* AMERICAN SODA FOUNTAIN COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 357. Submitted March 21, 1904.—Decided April 25, 1904.

The general rule is that when the jurisdiction of a Circuit Court of the United States has once attached it will not be ousted by subsequent change in the conditions.

A Circuit Court may proceed to judgment on a cross bill where defendant's pecuniary claim is less than $2,000, if the jurisdictional amount in dispute appears from bill, answer and cross bill which relate to the same transaction, notwithstanding the original bill has been voluntarily dismissed.

KIRBY filed his first original amended petition in the District Court of Dallas County, Texas, against the American Soda Fountain Company, averring that he was induced by false representations by defendant to agree to exchange his soda fountain apparatus for the soda fountain apparatus of defendant and pay defendant $2,025 in addition, and signed a memorandum in relation thereto, which, however, plaintiff alleged did not contain all the terms of the contract; that the exchange was made, but defendant's soda fountain apparatus, instead of being superior in value by $2,025, was, as matter of

fact, less by $2,500; and plaintiff prayed for the cancellation of the obligation to pay $2,025, for $2,500 damages, and for general relief. The original petition sought damages merely, and in the sum of $1,500.

On application of defendant the cause was removed to the Circuit Court of the United States for the Northern District of Texas.

The case was entered in that court May 12, 1902, and on that day defendant filed its answer, denying all charges of fraud, and setting up the written contract between plaintiff and itself, which it alleged contained all the terms of the agreement between them, whereby defendant agreed to manufacture and ship to plaintiff and plaintiff purchased of defendant a certain soda fountain machine at the price of $3,219; and defendant agreed to take plaintiff's machine in part payment at the sum of $1,194, leaving a balance of $2,025, which plaintiff agreed to pay, and which was secured by a mortgage lien on the property. That defendant manufactured and shipped the machine to plaintiff and set it up in his store, and fully complied with the contract, but plaintiff, after paying $325 on account of the $2,025, failed and refused to further comply with the contract or to pay anything more thereon.

Defendant said plaintiff ought to take nothing by his suit, and prayed judgment for the sum of $1,700 and for foreclosure of its mortgage lien. Together with its answer defendant filed its cross complaint, setting up the facts in detail and praying for judgment in the sum of $1,700, and interest, and for a decree establishing its mortgage lien on the property and for foreclosure and sale, and such further relief as equity might require.

Subpœna on the cross complaint was issued and served May 13, 1902.

June 20, 1902, plaintiff moved to transfer the cause to the law docket; and on that date the following order was entered of record: "Complainant coming and asking that the original bill of complaint be dismissed without prejudice, and it ap-

pearing to the court that said request should be granted.    It is therefore ordered that the original bill of complaint herein be and the same is hereby dismissed without prejudice to the right of the plaintiff to proceed further on the cause of action set forth in said bill hereafter as he may be advised.    It is further ordered that the costs of the original bill and proceedings thereon herein be adjudged against complainant for which execution may issue."

July 24, 1902, plaintiff, as defendant in the cross complaint, filed his plea thereto, in which he averred that the original bill filed by him had been dismissed, and that the cross bill was not within the jurisdiction of the court because the amount sought to be recovered did not exceed two thousand dollars, exclusive of interest and costs.    February 13, 1903, the plea to the jurisdiction of the court was argued and overruled, and plaintiff, defendant in the cross bill, was ordered to file an answer to said cross bill on or before the rule day of the court occurring in April, 1903.    No further answer or plea to the cross bill having been interposed by the defendant therein, a decree *pro confesso* was rendered against him April 21.

On May 27, 1903, the court rendered a decree on the cross bill, which recited the various proceedings; found the allegations of the cross complaint and exhibits to be true; that Kirby was justly indebted to the American Soda Fountain Company in the sum of $1,700, with interest; and that a valid mortgage lien to secure that sum existed; and decreed payment of the amount within sixty days, and that, if not paid, the property should be sold and the proceeds applied, with judgment for deficiency, if any.

An appeal from this decree was prayed and allowed, and the question of jurisdiction was certified.    The case came on in this court on motions to dismiss or affirm.

*Mr. J. M. McCormick* for appellant.

*Mr. John J. Weed* for appellee.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

This case was brought directly to this court on a certificate of jurisdiction under section five of the judiciary act of March 3, 1891, and might, therefore, have been advanced under Rule 32. The motions to dismiss or affirm may be treated as equivalent to submission under that rule, but as the motions were made, and the motion to dismiss was chiefly rested on the ground that the value of the matter in dispute was not sufficient to give this court jurisdiction, we think it proper to say that "the act of 1891 nowhere imposes a pecuniary limit upon the appellate jurisdiction, either of this court or of the Circuit Court of Appeals, from a District or Circuit Court of the United States." *The Paquete Habana*, 175 U. S. 677, 683.

On this appeal no question of error in matter of equity procedure in the retaining of the cross bill after the dismissal of the bill is open for consideration, but we do not intimate in the slightest degree that any error in that particular was committed. *Chicago, M. & St. P. Railway Company* v. *Third National Bank*, 134 U. S. 276; Daniell Ch. Pr. (5th ed.) 1553, note; Bates Eq. Proc. § 386.

The contention is that the Circuit Court had no jurisdiction as a court of the United States to proceed on the cross bill because of the lack of the prescribed jurisdictional amount. But we think the Circuit Court was right in rejecting this contention and in overruling the plea.

In the first place, the whole record being considered, the value of the matter in dispute might well have been held to exceed two thousand dollars, exclusive of interest and costs. *Stinson* v. *Dousman*, 20 How. 461, 466; *New England Mortgage Company* v. *Gay*, 145 U. S. 123, 131; *Shappirio* v. *Goldberg*, 192 U. S. 232; *Lovell* v. *Cragin*, 136 U. S. 130.

In *Stinson* v. *Dousman* the suit was brought to recover something less than five hundred dollars as rent of a parcel of land under a written contract for the purchase of the land

at eight thousand dollars, which provided that the covenantee should pay rent on failure to comply with sundry conditions prescribed, and defendant not only set up in his answer a defence to the claim for rent, but also sought a decree affirming the contract as outstanding. It was objected in this court that the matter in dispute was not of the value of one thousand dollars, and that therefore there was no jurisdiction. Mr. Justice Campbell said: "The objection might be well founded, if this was to be regarded merely as an action at common law. But the equitable as well as the legal considerations involved in the cause are to be considered. The effect of the judgment is to adjust the legal and equitable claims of the parties to the subject of the suit. The subject of the suit is not merely the amount of rent claimed, but the title of the respective parties to the land under the contract. The contract shows that the matter in dispute was valued by the parties at $8,000. We think this court has jurisdiction." The case is cited and considered in *New England Mortgage Company* v. *Gay* and in *Shappirio* v. *Goldberg*.

In *Lovell* v. *Cragin* it was held as correctly stated in the headnotes: "When the matter set up in a cross bill is directly responsive to the averments in the bill, and is directly connected with the transactions which are set up in the bill as the gravamen of the plaintiff's case, the amount claimed in the cross bill may be taken into consideration in determining the jurisdiction of this court on appeal from a decree on the bill."

In the present case the Circuit Court in its decree referred to the plaintiff's bill and the relief thereby sought, in connection with the cross bill, and, we think, was justified in doing this as the record had not passed from under its control, and it was apparent that the decree on the cross bill disposed of the contention of plaintiff in respect of the cancellation of the contract. Taking the bill, defendant's answer and the cross bill together, the jurisdictional amount was made out.

In the second place, it is the general rule that when the jurisdiction of a Circuit Court of the United States has once attached

it will not be ousted by subsequent change in the conditions. *Morgan* v. *Morgan,* 2 Wheat. 290; *Clarke* v. *Mathewson,* 12 Pet. 164; *Kanouse* v. *Martin,* 15 How. 198, 208; *Roberts* v. *Nelson,* 8 Blatchf. 74; *Cooke* v. *United States,* 2 Wall. 218.

In *Morgan* v. *Morgan* it was laid down by Chief Justice Marshall that the jurisdiction of the Circuit Court having once vested between citizens of different States, could not be divested by a change of domicil of one of the parties, and his removal into the same State as the adverse party *pendente lite.* This was so ruled in *Clarke* v. *Mathewson* and other cases there cited.

In *Kanouse* v. *Martin,* after petition to remove had been filed and bond tendered, the state court allowed the plaintiff to reduce the matter in dispute to less than the jurisdictional amount, and went on with the case. This was necessarily held to be erroneous, but the observations of Mr. Justice Curtis show that, in his opinion, the general rule to which we have referred also applied, and he cites *Morgan* v. *Morgan* and *Clarke* v. *Mathewson.*

In *Roberts* v. *Nelson* the amount claimed was reduced after the case had been removed, and Mr. Justice Blatchford, then District Judge, held that the jurisdiction of the court having once attached, no subsequent event could divest it.

In *Cooke* v. *United States* Mr. Chief Justice Chase said that "jurisdiction once acquired, cannot be taken away by any change in the value of the subject of controversy."

This action, when brought in the state court, was an action to recover $1,500 damages for deceit. Defendant demurred to and answered the original petition. Plaintiff subsequently filed his amended petition seeking to be relieved of the obligation to pay $2,025, and damages in the sum of $2,500. The matter in dispute having thus been made to exceed the sum or value of two thousand dollars, exclusive of interest and costs, defendant presented his petition and bond for removal, and the cause was thereupon removed. The jurisdiction thus acquired by the Circuit Court was not divested by plaintiff's subsequent action.

*Decree affirmed.*