## NICKELSON v. NESTLES MILK PRODUCTS CORPORATION, Inc., et al.
### No. 9208.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1939.

W. R. Withers, of Greensboro, Ala., and J. E. Wilkinson, Jr., of Selma, Ala., for appellant.

Fleetwood Rice, J. Gordon Madison and Hyman Rosenfeld, all of Tuscaloosa, Ala., and Fred S. Ball, Jr., of Montgomery, Ala., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages filed in the state court by appellant, Willie Nickelson, against the appellees, Nestles Milk Products Corporation and Swift & Company. The case was removed to the federal court, a motion to remand overruled, and, on motion of the defendants in the court below, a summary judgment was rendered against the plaintiff.

The question of jurisdiction demands our first consideration. Diversity of citizenship sufficient to warrant removal is clear and conceded, but it is contended that the requisite amount in controversy is lacking. Appellant seeks to recover penal-

ties and damages under the anti-trust laws of Alabama. See sections 5697, 6826, of the 1923 Code of Alabama, and section 6827, as amended by Acts of 1931, page 647. At the time the petition for removal was filed, there were seven counts in the complaint or declaration, each claiming five hundred dollars against each of the defendants, or a total of much more than three thousand dollars.

The rule in Alabama is that each count in a complaint is considered as the statement of a different cause of action.[1] The case of Nashville, C. & St. L. Railway Company v. Hill, 146 Ala. 240, 40 So. 612, relied upon by appellant, is clearly distinguishable. It involved the death of the plaintiff's intestate, and, although there were several counts in the complaint, the court took the view that, inasmuch as the plaintiff's intestate could be killed but once, each count was for the same cause of action, namely, the wrongful death of the decedent. That was a different case from the one before us, where the appellant is suing to recover penalties and damages accruing from alleged violations of the anti-trust laws, each claim being set forth in a separate count, there being nothing in the complaint to rebut the presumption that each count is for a separate cause of action, and the Alabama rule being that, under the pleadings, he may recover the total of the various amounts asked in each count, that total being more than three thousand dollars.

There is nothing to suggest bad faith of the pleader in asserting an excessive amount in order to confer federal jurisdiction, but there is basis for the argument that, in order to defeat it, an effort was made to reduce the amount in controversy after removal. If this was the purpose of the amended complaint, it must fail, first, because federal jurisdiction once acquired cannot be defeated by reducing the amount below the sum originally claimed in good faith,[2] and, secondly, because the amendment does not in fact reduce the amount but leaves intact the original counts numbered 1 to 7, and simply adds two additional counts which are designated A and C.

In ascertaining the total amount in controversy, the appellant should not complain if we take his viewpoint and determine the value to him of the rights which he in good faith asserted in his pleadings at the time the petition for removal was filed.[3] Since he sought to recover the aggregate of the amounts claimed in all counts, and might have done so, it is clear that the amount specified by the federal statute to warrant removal was involved and the motion to remand was properly overruled. Jud.Code §§ 24(1), 28, 28 U.S.C.A. §§ 41(1), 71.[4]

The appellant's contention, as disclosed by the amended complaint and the affidavits before the court on the motion for a summary judgment, is that he was engaged in hauling milk for himself and others in Hale County, Alabama; had established a regular trade route; had numerous customers, whose milk he delivered; that appellees for a while purchased milk from both said customers and appellant; that said hauling and purchases of milk were terminated, and further sales of milk by said customers and appellant were prohibited, by an unlawful trust, combine, agreement, and conspiracy entered into by and between the appellees in violation of the statutes of the State of Alabama; that thereafter appellant offered to sell his own milk and to deliver the milk of his customers to appellees which they and each of them refused to buy or receive because of said unlawful conspiracy in restraint of trade; that he was thereby entirely prevented from hauling or selling milk to either of appellees, and was deprived of revenue from the hauling of the milk of

[1] Bryant v. Southern Railway Company, 137 Ala. 488, 34 So. 562.

[2] Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; Cook v. United States, 2 Wall. 218, 17 L.Ed. 755; Kanouse v. Martin, 15 How. 198, 208, 14 L.Ed. 660; Roberts v. Nelson, 8 Blatchf. 74, 20 Fed.Cas. page 900, No. 11,907; Mutual Life Ins. Co. of New York v. Rose, D.C., 294 F. 122.

[3] Pullman Co. et al. v. Jenkins et al., 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Dobie's Federal Procedure, pp. 133 and 152.

[4] Vance v. W. A. Vandercook Co., 170 U.S. 468, 472, 18 S.Ct. 645, 42 L.Ed. 1111; Scott v. Donald, 165 U.S. 58, 89, 17 S.Ct. 265, 41 L.Ed. 632; Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729; Hampton Stave Co. v. Gardner, 8 Cir., 154 F. 805. Thompson v. Southern Ry. Co., C.C., 116 F. 890. Cf. North American, etc., Co. v. Morrison, 262 U.S. 262, 266 and 267, 20 S.Ct. 869, 44 L.Ed. 1061; Howard v. Carroll, D.C., 195 F. 646.

his customers as well as from the sale of his own milk, to his great damage.

No answer to the complaint having yet been filed by the defendants, we shall not undertake to shape the issues for the parties. We simply hold that the complaint presents at least one issue of fact which should be met by an answer on the part of the defendants, that issue being whether or not the defendants refused to buy milk from the plaintiff in pursuance of the alleged agreement entered into by them in restraint of trade. Number 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c not being applicable because there was presented by the complaint a genuine issue as to material facts, we think appellant is entitled to have a joinder of the issues, and, when joined, is entitled to have such issues as may be raised by the pleadings submitted to a jury. Because he was denied the right of a jury trial, the judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.