## SERVICE FINANCE CORPORATION v. COPPARD.

### No. 9650.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1940.

Rehearing Denied Jan. 14, 1941.

R. R. Smith, of Jourdanton, Tex., for appellant.

A. V. Knight, of San Antonio, Tex., for appellee.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This is a civil action of debt, under a state statute, to recover double usurious interest alleged to have been paid to appellant.[1] It was brought in the district court of Bexar County, Texas, by appellee against appellant, and was removed to the court below by appellant upon a petition which alleged diversity of citizenship and a sum in controversy exceeding $3,000 exclusive of interest and costs.

The court below gave a peremptory instruction to the jury directing a verdict for appellee, and committed no error in so doing, because, on the merits, the evidence disclosed a plain case of usury without a substantial issue of fact. On appeal, for the first time by either party, a jurisdictional issue is raised which must be determined.

In the action as filed in the state court, the appellee sued for $3,499.50, with legal interest thereon and costs of suit. After the case was removed to the United States District Court, and a plea invoking the statute of limitations had been filed as a bar thereto, the appellee filed an amended complaint in which the amount sought to be recovered was reduced to $1,884.56. Upon the hearing below, the court of its own motion raised the question of jurisdiction, and was assured by counsel that both sides had looked into it and were of the opinion that the court had jurisdiction. Counsel for appellant does not now believe the position taken on jurisdiction in the court below was correct, and urges here lack of jurisdiction, because the amount involved after the amendment was filed was less than $3,000 exclusive of interest and costs.

We have no doubt that appellee acted in good faith in filing suit in the state court for the amount demanded by him. Upon removal, the court below acquired jurisdiction which was not lost by the amendment reducing the amount claimed after a plea in bar had been filed by appellant.[2] This is true without regard to whether or not the parties consented to federal jurisdiction.[3] The judgment of the district court is affirmed.

[1] Article 4982 of Texas Revised Civil Statutes of 1911, Vernon's Ann.Civ.St. Tex. art. 5073.

[2] Schunk v. Moline, Milburn & Stoddard Co., 147 U.S. 500, 13 S.Ct. 416, 37 L.Ed. 255; Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911; Smithers v. Smith, 204 U.S. 632, 27 S.Ct. 297, 51 L.Ed. 656; Hardin v. Cass County, C.C., 42 F. 652; Levinski v. Middlesex Banking Co., 5 Cir., 92 F. 449; Turner v. Southern Home B. & L. Ass'n, 5 Cir., 101 F. 308; Interstate Building & Loan Ass'n v. Edgefield Hotel Co., C.C., 109 F. 692; Waterfield v. Rice, 6 Cir., 111 F. 625; American R. Co. of Porto Rico v. South Porto Rico Sugar Co., 1 Cir., 293 F. 670.

[3] 52 Stat., p. 854, Sec. 23, 11 U.S.C.A. § 46; Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433.