## ROECKER v. RAILWAYS EXPRESS AGENCY, Inc., et al.

### No. 3467.

District Court, W. D. Missouri, W. D.

Nov. 10, 1945.

Earl Dietz and Walter E. Daish, both of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Sawyer, Woodson & Righter, Winston H. Woodson, and James F. Walsh, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

The question for decision is whether an amendment of a complaint in this court, after removal, may be of such nature as to oust the court of a jurisdiction regularly acquired.

In the original petition the complainant joined several resident defendants with the non-resident removing defendant. Admittedly, the averments of the complaint were not such as to state a joint liability and the case was properly removed upon petition of the non-resident corporate defendant on the ground of a separable controversy. After such removal and with leave of court the complainant filed an amended complaint wherein the averments were such as to show joint liability against the non-resident and resident defendants. Immediately thereafter counsel for complainant filed a motion to remand. Such motion is resisted by the non-resident defendant. The authorities are not in accord on the question presented.

1. At the outset, the court is confronted with a plain, unambiguous statute in relation to matters of this kind. Section 80, Title 28 U.S.C.A. unequivocally states that:

"If in any suit * * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, *at any time after such suit has been * * * removed thereto,* that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, *and shall make such order as to costs as shall be just.*"

In the light of the admissions that a joint cause of action is now stated as against the resident and non-resident defendant, this statute, aside from all rulings that have heretofore been made, is decisive and binding upon the court.

2. Due to the ease with which the amount in controversy can be reduced, the courts have been loath to remand cases where the complainant merely altered the complaint so as to show a lesser amount than that sued for when the case was removed. An examination of the books, however, discloses that where it appeared from the face of the pleadings that the plaintiff could not recover an amount within the jurisdiction of the federal courts, such cases have been uniformly remanded or dismissed as the facts justified. The decisions on the amount in dispute caused the erroneous conclusion that once jurisdiction has been acquired, it will continue regardless of the questions of diversity of citizenship, federal questions, or adequate amounts in controversy. All of these decisions disregarded said Section 80, supra.

The cases indicating that where jurisdiction has once attached it cannot be divested are as follows:

Kirby v. American Soda Fountain Company, 194 U.S. 141, 24 S.Ct. 619, 621, 48 L. Ed. 911. The first syllabus of that case is as follows:

"The general rule that when the jurisdiction of a circuit court of the United States has once attached it will not be

ousted by subsequent change in the conditions."

An examination of that case shows that the court was not justified in so broad a pronouncement. The question of jurisdiction hinged on the amount in controversy. With reference to that matter, the court said:

" * * * the whole record being considered, the value of the matter in dispute might well have been held to exceed $2,000, exclusive of interest and costs."

At the date of the opinion $2000 was the jurisdictional amount fixed by statute. The Fifth Circuit was persuaded by the pronouncement of the syllabus in the Kirby case, and, in effect, repeated its language in Nickelson v. Nestles Milk Products Corporation, 5 Cir., 107 F.2d 17, and did the same thing in Service Finance Corporation v. Coppard, 5 Cir., 116 F.2d 488. See also Pullman Co. v. Jenkins, 305 U.S. 534, loc. cit. 527, 59 S.Ct. 347, 83 L.Ed. 334. The opinion in the latter case merely held that any amendment made by the complainant while the case was still in the state court would be ineffective after the petition to remove had been filed. The state court had no authority to permit the amendment, and the jurisdiction of the federal court could not be ousted in that way. It should be noted, however, that the Kirby case was remanded to the state court. See also Southern Pac. Co. v. Haight, 9 Cir., 126 F.2d 900; Home Ins. Co. of New York v. Trotter, 8 Cir., 130 F.2d 800, loc. cit. 804.

Some of the cases holding a contrary viewpoint are as follows: St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, loc. cit. 295, 58 S.Ct. 586, 593, 82 L.Ed. 845. In clear language the court said:

"In the case of a separable controversy, if, after removal, the plaintiff discontinues or dismisses as to the defendant who removed, so that there no longer exists any separable controversy, *the cause must be remanded.*"

By the same reasoning, if the complaint is amended so as to destroy a diversity of citizenship, the case should be remanded. In the 8th Circuit Court of Appeals, in the case of Highway Construction Co. v. McClelland, 15 F.2d 187, the court followed the statute and ordered the remand of a case where the facts were precisely like those involved here.

3. The procedural rules of this court direct liberality in the matter of amendments to pleadings. In fact it is almost a matter of judicial public policy to require a litigant to bring all parties into court against whom a claim might be made growing out of a single event or transaction. It was the right of the complainant to amend his complaint. It was the duty of the court to permit such amendment, if timely made, even though it ousted the court of jurisdiction. Moreover, an almost identical question was presented and ruled by this court, in Galbraith v. Bond Stores, Inc., D.C., 4 F.R.D. 319. The author of this opinion went into the question exhaustively in that case and remanded the case to the court from which removed.

There is no reason to depart from the viewpoint expressed in that opinion. Accordingly, the motion to remand in this case should be sustained, and it will be so ordered, but the complainant should be burdened with costs as contemplated by said Section 80, Title 28 U.S.C.A.