Suit by Hogen L. Grable and Phyllis Grable against H.T. Maroon, a single man, for a declaratory decree with respect to rights under a 99 year lease. Defendant *Page 451 
interposed a counterclaim for specific performance of an alleged oral agreement to cancel the lease. Hogen L. Grable and Phyllis Grable thereafter applied for a writ of certiorari to review an order denying their motion to dismiss the counterclaim.
Writ granted quashing the order, and cause remanded with directions.
The petitioners have applied for a writ of certiorari to review an order denying their motion to dismiss a counterclaim addressed to their bill of complaint.
The petitioners instituted suit in the Circuit Court of Dade County seeking a declaratory decree with respect to their rights as lessees under a certain 99-year lease entered into with the respondent as lessor, and their right to assign their interest in and to the same to a third party. The respondent answered the bill and also interposed a counterclaim which alleged, in substance, that prior to the institution of suit the petitioners had orally agreed with the respondent to cancel the lease and surrender their leasehold interest for a consideration of $25,000 to be paid by the lessor; that respondent had accepted the offer to cancel and surrender and had prepared the papers necessary to carry into effect the oral understanding of the parties; that after the papers had been prepared the petitioners had refused to execute the agreement to cancel the lease and surrender their interest, although the respondent lessor had been at all times ready, able and willing to perform under the terms of the oral agreement. The prayer of the counterclaim was that the petitioners be required at final hearing to execute a cancellation of the lease indenture and surrender possession of the premises upon payment of the $25,000 as consideration therefor, in accordance with the terms of the oral executory contract which had been entered into by and between the parties.
The petitioners moved to dismiss the counterclaim on the ground that the oral executory contract was unenforceable under the statutes, and the motion to dismiss was denied. The petitioners then petitioned this court for a writ of certiorari to review and quash the order denying the motion to dismiss the counterclaim.
Assuming all the facts stated in the counterclaim to be true, the respondent has not made out a case entitling him to the specific performance of his contract. Section 689.01, Florida Statutes 1941, F.S.A., provides, in part, that "no estate or interest, either of freehold, or of term of more than one year * * * shall be assigned or surrendered unless it be by instrument signed in the presence of two subscribing witnesses by the party so assigning or surrendering * * * or by the act and operation of law." This statute must be considered in connection with the contract which the respondent seeks to enforce, for a decree of specific performance will result in a surrender and termination of the estate or interest and the possession of the property held by the petitioners under the 99-year lease.
The counterclaim shows on its face that the contract sued on was oral and that there has been no performance or part performance of the contract by either party. Therefore, specific performance will not lie for its enforcement.
A writ of certiorari should be granted quashing the order denying the motion to dismiss the counterclaim and the cause should be remanded with directions that an order granting the motion to dismiss the counterclaim be entered in the court below.
It is so ordered.
ADAMS, C.J., and CHAPMAN, J., concur.
HOBSON, J., concurs specially.