NORTHERN INSURANCE COMPANY OF NEW YORK, Boston Insurance Company, and Westchester Fire Insurance Company, Plaintiffs,

v.

Dr. Robert Y. GRONE and Ethel L. Grone, Defendants,

Buffalo Insurance Company, National-Ben Franklin Fire Insurance Company of Pittsburgh, Pa., Intervening Defendants.

Civ. No. 4447.

United States District Court
M. D. Pennsylvania.

Dec. 17, 1954.

Thomas R. White, Jr., White, Williams & Scott, Philadelphia, Pa., Esdras F. Howell, Scranton, Pa., for plaintiffs.

John L. Pipa, Jr., Shamokin, Pa., for defendants.

William S. Bailey, Storey, Bailey & Rupp, Harrisburg, Pa., for intervening defendants.

FOLLMER, District Judge.

This suit for declaratory judgment involves certain issues appearing in an action instituted in the Court of Common Pleas of Montour County, Pennsylvania, against seven insurance companies seeking to recover for a fire loss on property alleged to be covered by the said policies. That suit was removed to this Court to Civil Action No. 4668.

In the instant case, Northern Insurance Company of New York, Boston Insurance Company, and Westchester Fire Insurance Company, three of the defendants in the suit above referred to, appear as plaintiffs seeking to have the three policies of insurance issued by them declared void because of alleged fraud. Two other defendants in the State suit, Buffalo Insurance Company and National-Ben Franklin Fire Insurance Company of Pittsburgh, Pa., intervened by leave of Court seeking to have policies issued by the three plaintiffs in the action in equity declared to be in full force and effect and the policies issued by intervenors declared substituted by the policies issued by said three plaintiffs.

The three plaintiff companies herein have moved the Court to enter a decree of voluntary dismissal of the instant action without prejudice in accordance with Rule 41(a) (2) of the Federal Rules of Civil Procedure, for the reasons that many of the witnesses in both actions will be the same and that all of the issues raised in this action can be litigated at one time in Civil Action No. 4668.

Intervening defendants have filed an answer to the said motion to dismiss, opposing the same. Intervenors give as their reasons for said opposition that the

trial of Civil Action No. 4447 (declaratory judgment) could well make unnecessary the trial of No. 4668; that it would determine whether or not all of the said insurance companies should remain as defendants in No. 4668; that if any are eliminated a trial of No. 4668 might be obviated because of a prior disposition of some of the issues involved; that the depositions of five persons were taken in No. 4447, two of whom have since died, and that the said depositions are not part of the record in No. 4668, nor would they be part of the record of the Court of Common Pleas of Montour County in the event No. 4668 should be remanded to said State Court.

■ The basic conception of intervention, which found expression in the common law of this country, was well stated in the famous English case of Dalrymple vs. Dalrymple (1811, 2 Hagg.Con.Rep. 137) where it was held that a third party was said to be entitled to intervention if he "consider that his interest will be affected." In this connection Professor Moore states:

"The history of intervention, however, does show the development of a device by the courts to keep their processes from doing injury to third persons. * * * Modern intervention practice, as will be seen, is an expansion of what seems to have always been the underlying principle in the development of intervention: the purpose of the courts to prevent their processes from being used to the prejudice of the rights of interested third persons." [1]

Intervention, of course, is vastly different from counterclaim which has been defined as "any claim, including set-off and recoupment, which one party has against an opposing party, whether legal or equitable, or both." [2]

■ Counterclaim presupposes affirmative relief and may be entitled to adjudication even though and after plaintiff has voluntarily dismissed his complaint.[3]

Intervenors in their motion pray that the three policies of plaintiffs be declared to be in full force and effect and that their own two policies be declared substituted by those of the plaintiffs.

■ I can find no authority in Rule 24 to grant an intervenor affirmative relief. They were permitted to intervene on the theory that had plaintiffs' policies been cancelled because of fraud there could obviously have been no substitution and intervenors might have been hurt. Their action was protective in nature. They have no standing to object to the withdrawal of this action.

I find no merit in any of the reasons given in opposition to the motion to dismiss. As to their final reason, namely, that the five depositions taken in No. 4447 are no part of the record of No. 4668 and particularly since two of the deponents are now deceased, counsel for plaintiffs and for defendants in the equity action stipulated in open Court that the same could be used in No. 4668. As to the other reasons given, certainly the suggestion of a possible amicable settlement of the claim, however desirable, is not a sufficient reason. Finally, basic questions of fact involving all of the parties defendant to the original action would still remain for determination, all of which in my opinion could be more satisfactorily disposed of, at a minimum expenditure of time and cost, in the suit originally instituted in Montour County.

An appropriate order will be entered granting motion of plaintiffs to dismiss the complaint.

---

1. Vol. 4, Moore's Federal Practice, 2d Ed., Par. 24.03, Page 14.

2. Vol. 3, Moore's Federal Practice, 2d Ed., Par. 13.02, Page 7.

3. Kirby v. American Soda Fountain Company, 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911.