**Fred McNEILL, d/b/a McNeill Auto Parts, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Defendant.**

Civ. No. 74–277–E.

United States District Court, E. D. Illinois.

Jan. 23, 1975.

David M. Rothenberg, Collinsville, Ill., for plaintiff.

Karl D. Dexheimer, East St. Louis, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, District Judge:

Plaintiff originally filed this action in state court and it was removed to this court pursuant to 28 U.S.C. § 1441(a). Jurisdiction was predicated upon diver-

sity of citizenship. 28 U.S.C. § 1332. In the original complaint plaintiff sought damages in the amount of $50,-000, well in excess of the $10,000, jurisdictional amount requirement.

Subsequent to the removal of the action to this court, plaintiff moved to reduce the ad damnum of his one-count complaint to $4500. He then requests that this Court remand the matter to state court, claiming that the reduction of the ad damnum below the jurisdictional amount requirement of § 1332 deprives the federal court of jurisdiction.

 A party is permitted to amend his pleading once as a matter of course at any time before a responsive pleading is served. Rule 15(a), Federal Rules of Civil Procedure. Defendant has filed a Motion to Dismiss, but that motion does not constitute a responsive pleading within the meaning of this Rule. Thomas v. Pate, 493 F.2d 151 (7th Cir. 1974), vacated on other grounds, Cannon v. Thomas, —— U.S. ——, 95 S.Ct. 288, 42 L.Ed.2d 39, reh. denied, Cannon v. Thomas, —— U.S. ——, 95 S.Ct. 529, 42 L.Ed.2d 318; Fuhrer v. Fuhrer, 292 F. 2d 140 (7th Cir. 1961); Lippmann, Inc. v. Hewitt-Robins, Inc., 55 F.R.D. 439 (E. D.Wis.1972). So, plaintiff is entitled to amend his complaint to reduce his claim for damages to $4500.

Nevertheless, it does not follow that this reduction of the damage claim deprives the federal court of jurisdiction. The Supreme Court has held that when after removal a plaintiff reduces his claim below the requisite amount, the federal court does not lose its jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his own volition, do not oust the district court's jurisdiction once it has attached. See e. g. Kirby v. American Soda Fountain Co., 194 U.S.

141, 146, 24 S.Ct. 619, 48 L.Ed. 911 (1904).

Accordingly, the Court concludes that it retains jurisdiction of this action and plaintiff's Motion to Remand should be and is hereby denied.