## AETNA LIFE INS. CO. v. LITTLE ROCK BASKET CO.

### Civ. No. 2611.

United States District Court
E. D. Arkansas, W. D.

June 29, 1953.

See also 14 F.R.D. 383.

Owens, Ehrman & McHaney, John M. Lofton, Jr., Little Rock, Ark., for plaintiff.

Barber, Henry & Thurman, John B. Thurman, Little Rock, Ark., and William V. Brown, Texarkana, Tex., for defendant.

LEMLEY, District Judge.

This cause comes on for hearing upon the plaintiff's motion to strike the defendant's "Cross-action", or counterclaim in this case, the defendant's response thereto and briefs which have been filed in connection therewith.

As I understand it, the plaintiff's position is that when an insurer files an action for a declaratory judgment of nonliability on a policy of life insurance after the death of the insured, the beneficiary may not counterclaim for the amount of the policy plus the statutory penalty and attorney's fee. From my examination of the authorities bearing upon this question, I am convinced that the plaintiff's position is un-

sound, and that its said motion must be overruled.

■ Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the procedure for obtaining a declaratory judgment pursuant to 28 U.S.C.A. § 2201 "shall be in accordance with these rules," which, of course, include Rule 13 relating to permissive and compulsory counterclaims. Hence, in an action for a declaratory judgment of nonliability upon an insurance policy, the insured or the beneficiary may, and in certain cases must, counterclaim upon the policy itself and set up what claims he may have thereon, including a claim for penalty and attorney's fee. In this connection it is said in 3 Moore's "Federal Practice", 1st Ed., p. 3231, note 33, that: "A claim for declaratory relief is like any other civil claim in that it is amenable to the Federal Rules. Rule 13 on counterclaims and cross-claims is, therefore, applicable." In the second edition of the cited work it is said by the same author, "* * * in an action by an insurer * * * for a declaratory judgment of non-liability, the insured must counterclaim to recover benefits under the policy". 3 Moore, op. cit., 2d Ed., p. 35. In another standard work on federal procedure it is said: "In an insurer's action to declare the effect of a casualty policy, counterclaims by defendants for injuries received in collision of automobile with vehicle insured are compulsory." 1 Barron & Holtzoff, "Federal Practice & Procedure", page 796, citing United States F. & G. Co. v. Janich, D.C. Cal., 3 F.R.D. 16.

In support of his statement, above quoted, to the effect that a counterclaim of the insured upon the policy is a compulsory counterclaim and must be asserted in the insurer's declaratory judgment action, Professor Moore cites the decision of the Court of Appeals for this Circuit in Home Insurance Company of New York v. Trotter, 130 F.2d 800; that case was a suit for a declaratory judgment of nonliability on certain fire insurance policies in which the insured counterclaimed for the amount of the policies plus penalties and attorney's fees allowed by the applicable Missouri statute. With respect to the counterclaim feature of the case the Court said: "Moreover, the Federal Rules of Civil Procedure are, by Rule 57, * * * made applicable in actions for declaratory judgments. Rule 13(a) requires the filing of a counterclaim by defendants where it arises out of the 'transaction or occurrence that is the subject matter of the opposing party's claim.'" 130 F.2d at page 804.

In Firemen's Ins. Co. of Newark v. Smith, D.C.Mo., 83 F.Supp. 668, Judge Duncan entertained and gave judgment upon a counterclaim filed by the insured in an action brought by the insurer for a declaration of nonliability on a policy of fire insurance, the judgment rendered including an award of a penalty for vexatious delay in payment and of an attorney's fee. The decision of the district court was affirmed by the Court of Appeals, Firemen's Insurance Co. of Newark v. Smith, 8 Cir., 180 F.2d 371.

The cases above cited have all been insurance cases. Other types of cases could be cited in which the propriety of a counterclaim for coercive relief in an action brought for purely declaratory relief has been recognized; for example, it has been held that a defendant in a suit for declaratory judgment as to nonvalidity and noninfringement of a patent may counterclaim for damages for infringement, 3 Moore, op. cit., 2d Ed., page 21 and cases there cited. It is felt, however, that the correctness of the indicated ruling on the instant motion is adequately established by the authorities already cited, and that there is no necessity for further citations.

It may be said that to hold in accordance with the plaintiff's contention here would mean that an insurance company by the employment of the declaratory judgment procedure could completely deprive the insured or his beneficiary of his substantive right under the statute law of Arkansas to recover penalty and attorney's fees upon the failure of the company to pay the loss

within the time prescribed by the policy. It is not felt that such procedure can be so used.

An order overruling plaintiff's motion is today being entered.