563 F.Supp. 35 (1982)
ALEXANDER GRANT & COMPANY, Plaintiff,
v.
TIFFANY INDUSTRIES, INC., et al., Defendants.
No. 79-191C(3).
United States District Court, E.D. Missouri, E.D.
December 30, 1982.
On Counterclaims March 30, 1983.
*36 Armstrong, Teasdale, Kramer & Vaughan, Walter M. Clark, Catherine D. Perry, St. Louis, Mo., for plaintiff.
Irl B. Baris, J. Richard McEachern, Alan C. Kohn, Mark J. Bremer, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendants' renewed motions to dismiss. The Court in its order of July 20, 1982, set out a pre-trial procedure which would be followed in this matter. In this initial stage the Court will consider only the legal issue of plaintiff's standing under the civil liability provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964. Both sides have briefed this issue extensively for the Court.
Plaintiff is the former independent auditor of defendant Tiffany Industries. In its complaint plaintiff alleges that defendants committed various fraudulent acts in an attempt to deceive plaintiff as to Tiffany's true financial condition. Plaintiff claims that the resulting deception visited upon it resulted in harm to its reputation and seeks treble damages under RICO. Defendants contend that plaintiff has no standing under RICO to bring this action and cite in support of their argument the Seventh Circuit's recent opinion in Cenco, Inc. v. Seidman & Seidman, 686 F.2d 449 (7th Cir.1982). Thus the Court's ruling on defendants' motions turns upon Cenco's meaning and applicability to this action.
Cenco was an action involving facts very similar to those in this action. Purchasers of Cenco stock brought a class action against Cenco and its independent auditor Seidman & Seidman alleging that fraudulent practices committed by various defendants artificially inflated the value of Cenco's stock. Seidman & Seidman cross-claimed against Cenco under RICO. The court phrased the issue as a question of "the standing of auditors under the RICO statute ... to sue [the audited company] for damages...." 686 F.2d at 451. The court inquired "whether a treble-damages action by auditors of criminal enterprises would contribute to the compensatory and deterrent objectives of RICO." Id. at 457. Pursuant to this analysis, the court held that auditors such as Seidman & Seidman have no standing under RICO to sue the audited company. In so doing the court stated:
[i]t is presumably on behalf of owners, perhaps also the customers and competitors, of such businesses that the civil damages remedy was created, and not on behalf of the people who supply office equipment or financial or legal services to criminal enterprises that may be violating RICO.
Id.
In the matter sub judice plaintiff attempts to distinguish Cenco by arguing that the auditors there alleged only indirect injury while plaintiff here is alleging a direct injury. Although the matter seems to be largely a question of semantics, the holding of the Seventh Circuit is clearauditors of companies that have been practicing fraudulent bookkeeping techniques do not have standing under RICO to sue the audited companies. The court ruled as a matter of law that auditors of fraud practicing firms do not suffer the type of injury redressable under RICO.
Plaintiff also contends that Cenco is in conflict with a recent Eighth Circuit decision, Bennet v. Berg, 685 F.2d 1053 (8th Cir.1982), and that the Eighth Circuit's opinion is controlling here. It is true, of course, that if the Seventh and Eighth Circuits had issued conflicting rulings of law, this Court would be bound by the Eighth Circuit's edict. This, however, is not the situation here. In Berg the Court addressed two arguments raised by appellees there. First, the court resolved the issue of whether plaintiffs in that action were required to plead breach of contract to state a claim under RICO. Second, the court answered appellees' contention that plaintiffs had alleged no "injury to property," which appellees argued was a requirement of *37 RICO. 685 F.2d at 1058. Thus, Berg is simply a different case than Cenco, which indeed, is strikingly similar to the facts in this matter.
Moreover, Berg is distinguishable from Cenco on one other ground as well. In Berg plaintiffs were customers of defendants and were alleging that the "life-care" they had contracted for at the subject retirement village was endangered by defendants' financial mismanagement. Contrast this with the situations in Cenco and here in which plaintiffs are neither "owners ... customers [nor] competitors" of the alleged criminal enterprises. Cenco, 686 F.2d at 457. Accordingly, the Court does not believe that Berg in any way alters the applicability or persuasiveness of Cenco, and thus, defendants' motions to dismiss plaintiff's complaint will be granted.
Dismissal of plaintiff's complaint does not, however, bring this entire matter to a close. Several defendants in this action have filed counterclaims against plaintiff, and the question remains whether these are to be dismissed as well. Inasmuch as the counterclaims seem to raise primarily state law issues, the Court is most concerned with whether it has subject matter jurisdiction over the counterclaims. The Court, therefore, will ask the parties to brief the issue of whether dismissal of defendants' counterclaims is appropriate under the circumstances of this action.
In accordance with the foregoing,
IT IS HEREBY ORDERED that defendants' renewed motions to dismiss plaintiff's complaint be and are GRANTED.
IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED without prejudice.
IT IS FURTHER ORDERED that the parties shall within 15 days of the date of this order submit to the Court memoranda on the issue of whether defendants' counterclaims in this action should be dismissed.

ON COUNTERCLAIMS
In its order of December 30, 1982, the Court granted defendants' renewed motions to dismiss and dismissed the complaint of plaintiff Alexander Grant & Co. Pending in this action still are counterclaims of defendants Martin and Tiffany. The counterclaims raise entirely state law claims, and thus, the Court requested the parties to brief the issue of whether the defendants' counterclaims should be dismissed in light of the Court's dismissal of plaintiff's claims. The parties have now filed their briefs on this issue and the question is hence ripe for resolution.
Plaintiff, of course, argues that defendants' counterclaims should be dismissed. First, plaintiff argues that Martin's counterclaim and a portion of Tiffany's counterclaim contain allegations of defamation and abuse of process. Plaintiff maintains that these counterclaims are permissive under Fed.R.Civ.P. 13(a) and thus, must be dismissed for want of subject matter jurisdiction. See Harris v. Steinem, 571 F.2d 119, 124 (2d Cir.1978). Second, plaintiff argues that even those of Tiffany's claims that can be considered as compulsory counterclaims must be dismissed under an analysis similar to that in United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Tiffany maintains that its entire counterclaim is compulsory and thus should be retained. Tiffany cites several cases, including one from the Eighth Circuit, in which compulsory counterclaims have been retained by the courts after dismissal of the main action.
The Court first notes that neither counterclaim alleges or attempts to allege an independent jurisdictional ground for its basis. Both defendant Martin and defendant Tiffany apparently were proceeding on the theory that their counterclaims were compulsory and thus within this Court's subject matter jurisdiction under the doctrine of ancillary jurisdiction. Thus, if any of the counterclaims or portions thereof are permissive in nature, they must be dismissed.
The Court believes the counterclaim of defendant Martin is permissive in nature. Defendant alleges defamation and abuse of process arising out of the filing of plaintiff's *38 complaint in this matter. One court has ruled in an identical situation that such allegations do not "[arise] out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." within the meaning of Fed.R.Civ.P. 13. Harris, 571 F.2d at 124-25. Rather, the court held that the defamation and abuse of process claims were permissive. Id. The Court is persuaded by the Second Circuit's analysis in Harris. Therefore, because defendant Martin's counterclaim is permissive and asserts no apparent independent jurisdictional basis, it must be dismissed.
Defendant Tiffany's allegations in its counterclaim appear to be of mixed variety. While some relate solely to the filing of plaintiff's now-dismissed complaint, others concern matters that might properly be characterized as compulsory counterclaims. The Court, however, need not draw this distinction because even assuming all of defendant Tiffany's claims are compulsory in nature, the Court believes Tiffany's counterclaim must nonetheless be dismissed.
While some courts have held that compulsory counterclaims must be retained when the main action has been dismissed, see, e.g., Wright & Miller, Federal Practice & Procedure § 1414 n. 81, other courts have applied an analysis similar to that announced in United Mine Workers, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). See Joiner v. Diamond Drilling Co., 677 F.2d 1035, 1042 n. 16 (5th Cir.1982). Defendant cites Home Ins. Co. v. Trotter, 130 F.2d 800 (8th Cir.1942) for its statement that "[e]vents occurring after jurisdiction attaches are of no importance on the question [of jurisdiction].... After the voluntary dismissal or denial on its merits of a complaint, a federal district court still retains jurisdiction upon a crosscomplaint." Id. at 804. The Court, however, notes that Trotter was decided well before United Mine Workers, supra. Moreover, cases cited by defendant which have used the broad language of Trotter, see, e.g., Lynch v. Porter, 446 F.2d 225 (8th Cir.1971); United States Fidelity & Guaranty Co. v. Millers Mutual Fire Ins. Co., 396 F.2d 569 (8th Cir.1968), have not used it in the context of a counterclaim. Thus, the Court does not believe adherence to a Gibbs-type analysis is misplaced here.
In Gibbs the court spoke of the district courts' discretionary authority to retain or dismiss pendent state claims when plaintiff's federal claim has been dismissed. The Court urged the district courts to consider principles of judicial economy, and to examine considerations regarding the convenience and fairness to the parties. The court also noted that needless decisions of state law should be avoided. 383 U.S. at 726, 86 S.Ct. at 1139.
The Court believes that considerations of judicial economy weigh strongly in favor of dismissal of Tiffany's counterclaim. The same issues raised therein exist in other cases, part of the larger Tiffany litigation still pending in other courts in this district. To allow this action to proceed on state law issues alone would be improvident while the same issues are being litigated in conjunction with federal law issues in other courts in this district.
The interests of fairness to the parties would also be served by dismissal of Tiffany's counterclaim. Dismissal of the counterclaim would close this case entirely and have the effect of narrowing the scope of the Tiffany litigation still pending. The Court notes this is a complex group of cases that have been pending in the district for quite some time. Narrowing the litigation could only expedite its ultimate resolution and ease the burden on the parties.
Finally, Tiffany may assert its counterclaim in state court if it so desires. Thus, the state courts would be in a position to make a definitive ruling on the state law issues raised in the counterclaim. This would serve the Gibbs goal of avoiding needless rulings on state law issues.
For the reasons stated above the Court believes that the counterclaims of defendants Martin and Tiffany should be dismissed. Defendant Martin's allegations constitute a permissive counterclaim for which no independent jurisdictional basis is alleged. Consideration of the Gibbs criteria *39 dictates dismissal of Tiffany's counterclaim, even assuming it is a compulsory counter-claim. Thus,
IT IS HEREBY ORDERED that the counterclaims of defendants Martin and Tiffany Industries be and are DISMISSED without prejudice.