OPINION
{¶ 1} This is an appeal from a summary judgment ruling by the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS
{¶ 2} Appellant, Colelli Associates, Inc., was engaged in the business of providing chemicals, solvents and recycled and other materials to oil producers.
{¶ 3} In July, 1994, Appellant received a supply of CA4+ from Chemical Solvents which unfortunately contained silicones. Prior to this shipment, Appellant had supplied such material to its customers without a problem.
{¶ 4} The silicone in this shipment contaminated a reactor catalyst material, resulting in several lawsuits being filed by producers. One of these was Wayne County Common Pleas No. 95-CA-0350, appealed to the Ninth District Court of Appeals in Case No. 04CA0008.
{¶ 5} In any event, the issue which was the subject of the declaratory judgment in the case sub judice, was whether an insurance policy obtained from Appellee Cincinnati Insurance provided insurance coverage with regard to such lawsuits and the extent thereof.
{¶ 6} Appellee filed on February 8, 2002, a Civ. R. 56 motion asserting that Appellant's claims for breach of contract and bad faith were compulsory counterclaims. Also, that Appellant's execution of a "Partial Release of Claims" barred the bad faith claim.
{¶ 7} The trial court sustained Appellee's motion, an appeal was taken and ultimately dismissed as being prematurely filed due to lack of service on Defendant, John Doe and lack of Civ. R. 54(B) language.
{¶ 8} The trial court has since ruled that John Doe has been voluntarily dismissed, inserted Civ. R. 54(B) language and, in effect, reaffirmed its February 8, 2002, decision on March 10, 2004, sustaining Appellee's Motion for Summary Judgment. This was done pursuant to Appellant's Motion for Reconsideration or clarification which the court treated as a motion to re-issue its February 8, 2002, ruling since the rulings of this Court were resolved, finding that a Motion for Reconsideration is not provided for in the Civil Rules. Included in such decision was the sustaining of Appellee's Motion to Dismiss for lack of jurisdiction.
{¶ 9} Appellant in this appeal has also filed a motion for sanctions.
{¶ 10} The two Assignments of Error are:
 ASSIGNMENTS OF ERROR
{¶ 11} "I. The trial court erred in granting summary judgment for appellee since the breach of contract and bad faith claims are not compulsory claims to the declaratory relief action.
{¶ 12} "II. The trial court erred in granting summary judgment for appellee since genuine issues of material fact exist as to whether the limited release bars plaintiff-appellant's bad faith claim."
 I, II
{¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
{¶ 14} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
{¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
{¶ 16} It is based upon this standard we review appellant=s assignments of error.
{¶ 17} The language of the February 8, 2002, decision, re-affirmed by the referenced entry of March 10, 2004, stated:
{¶ 18} "In Part I of its motion, Defendant CIC asserts that Plaintiff Colelli's claims for breach of the insurance contract, and for `bad faith,' were compulsory counterclaims to Defendant's action for declaratory judgment filed in Cincinnati Insurance v.Colelli Associates, et al. Case No. 95-CV-0350, Wayne County Common Pleas Court, (hereinafter Case No. 95-CV-350). Defendant CIC asserts that the Plaintiff's failure to present these claims in the Declaratory Judgment action bars Plaintiff from asserting them in this action.
{¶ 19} "Plaintiff contends that the claims alleged in the Complaint do not arise out of the same transaction or occurrence, and therefore, are not compulsory counterclaims.
{¶ 20} "Civ. R. 13(A) provides:
{¶ 21} "Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
{¶ 22} "Civ. R. 13(A), like the doctrine of res judicata, is a rule of procedure designed to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action. Rettig Enterprises, Inc. v. Koehler
(1994), 68 Ohio St.3d 274. Failure to assert a compulsory counterclaim acts as a bar to litigation of the counterclaim in a separate lawsuit. See, Osborne Co. v. Ohio Dept. of Adm. Serv.
(1992), 80 Ohio App.3d 205.
{¶ 23} "To determine whether the claim arose out of the same transaction or occurrence, the courts apply the `logical relations' test. This test states that a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts'. Rettig, supra, at paragraph two of the syllabus.
{¶ 24} "The Court FINDS that on November 21, 1995, Defendant CIC filed a complaint for declaratory judgment in Wayne County, Case No. 95-CV-0350, seeking a determination as to its rights and obligations under the commercial general liability policy issued to Plaintiff Colelli. CIC's complaint named Colelli, Pennzoil, and the distributors as defendants and alleged that CIC was under no contractual or other duty to defend or indemnify Colelli under the express terms of the policy.
{¶ 25} "The Court FINDS that there is an appeal pending in Case No. 95-CV-0350.
{¶ 26} "The Court FINDS that Counts I and II of Plaintiff Colelli's Complaint are for Breach of Contract. Specifically, Plaintiff Colelli asserts Defendant CIC failed to timely provide coverage and defense under the terms of the policy of insurance.
{¶ 27} "The Court FINDS that Count III of Plaintiff Colelli's Company for Bad Faith is twofold. First, Plaintiff Colelli asserts Defendant CIC intentionally disregarded the obligation to adequately investigate a claim, to obtain sound legal advise, to act in good faith in coverage determinations, to act in good faith settlement of claims and to fairly deal with the insured. Second, Plaintiff Colelli asserts that Defendant, after filing a Motion for Declaratory Judgment, was ordered in May 1997, to provide Plaintiff Colelli with coverage and defense, but refused until November 1997, to Colelli's detriment.
{¶ 28} "The Court FINDS that Counts I and II for breach of contract, along with the first section of Count III for bad faith, arose out of the transaction or occurrence that is the subject matter of the opposing party's claim in Case No. 95-CV-0350. Specifically, these claims arose from the alleged improper refusal of Defendant CIC to represent Plaintiff in third-party litigation filed in 1995, which matters were at issue in the Declaratory Judgment action, Case No. 95-CV-0350.
{¶ 29} "The Court FINDS that the above claims are logically related to the Declaratory Judgment action filed by Defendant CIC in Case No. 95-CV-9350, and that separate trials would involve a substantial duplication of effort and time by the parties and the courts.
{¶ 30} "The Court FINDS that Counts, I, II, and the first part of Count III in Plaintiff Colelli's Complaint are compulsory to the declaratory judgment action in Case No. 95-CV-0350.
{¶ 31} "The Court FINDS that the second section of Plaintiff Colelli's bad faith claim is not compulsory to the declaratory judgment action in Case No. 95-CV-0350.
{¶ 32} "The Court FINDS that Defendant CIC has provided this Court with a sworn or certified copy of a signed release, dated 02/26/1998. Said release is labeled Defendant's Exhibit L.
{¶ 33} "The Court FINDS that in the 02/26/1998, entry, Plaintiff Colelli released Defendant from any action relating to the issues raised in the second part of the bad faith claim in Count III, which asserts Defendant CIC failed to comply with the Wayne County Court Order from May 1997, that ordered CIC to provide coverage and defense. Exhibit L of Defendant CIC's Motion for Summary Judgment provides:
{¶ 34} "Colelli accepts the sum of $26,000 in compromise, settlement and satisfaction of, and as sole consideration for, the release and discharge of all actions, claims, costs, losses and demands whatsoever, that now exist or may hereafter accrue, against CIC with respect to the defense, representation and coverage of Colelli during the interim period of May 29, 1997 through November 21, 1997. . . ."
{¶ 35} "The Court FINDS that the 02/26/1998 release, signed by an Authorized Representative of Plaintiff Colelli, bars Plaintiff from raising the issues presented in the second section of Count III of its Complaint.
{¶ 36} "The Court FINDS that there is no genuine issue of material fact as to the Plaintiff's Complaint, and that the Defendant is entitled to judgment as a matter of law."
{¶ 37} In order to reach the issues involved in this appeal, we need to examine the convoluted legal proceedings between the parties.
{¶ 38} In 1995, Appellee's declaratory judgment action was filed in Wayne County Common Pleas Case 95-CV-0350, requesting determination as to coverage and duty to indemnify or defend. Appellant filed a counterclaim which, as to damages, requested "any and all relief court deems just and proper".
{¶ 39} The trial court granted Appellant's Civ. R. 56 Motion, finding a duty to defend and indemnify.
{¶ 40} Appellee appealed and in Case No. 97CA00042 (Ohio App. 9th Dist.), the court reversed and remanded, holding that the trial court failed to analyze the issues raised and adequately construe the policy.
{¶ 41} On remand, the trial court granted summary judgment in favor of this Appellant. An appeal followed but was dismissed for lack of Civ. R. 54(B) language in the judgment. (99CA0028). This was corrected and Appellee appealed again (2001WL61570 Ohio App. 9th Dist.).
{¶ 42} The 9th District Appellate Court held that material facts preventing summary judgment were present as to the duty to defend. (The court also ruled as to certain exclusions in the policy on the same basis.)
{¶ 43} The award of attorney fees was vacated also. { ¶ 44} An appeal to the Ohio Supreme Court followed, with the decision of the 9th District Court of Appeals reversed on the basis ofWilloughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St.3d 177.
{¶ 45} On remand, the Wayne County Common Pleas Court determined that Appellant did not request damages in its counterclaim and denied relief, including attorney fees. (Civ. R. 8(A)).
{¶ 46} Such Rule provides:
{¶ 47} "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10. At any time after the pleading is filed and served, any party from whom monetary recovery is sought may request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought. Upon motion, the court shall require the party to respond to the request. Relief in the alternative or of several different types may be demanded."
{¶ 48} The 9th District Court of Appeals found on September 8, 2004, that:
{¶ 49} "Eventually, Appellant settled all current claims with the damaged oil refineries prior to the scheduled June 1999 trial on the remaining indemnification issue in this case. As to the appeal, the Supreme Court of Ohio found in 2002 that Appellee did have a duty to defend Appellant. See Cincinnati Ins. Co. v.Colelli Assoc. Inc., 95 Ohio St.3d 325, 767 N.E.2d 717, 2002-Ohio-02214. Following the Supreme Court's determination, Appellee satisfied the judgment for attorney's fees and interest on July 25, 2002.
{¶ 50} "Nearly eight months of silence followed the satisfaction of judgment. During that time period, a separate trial court in another Ohio county determined that any claims of breach of contract or bad faith by Appellant in that court were compulsory counterclaims which needed to be brought along with the original declaratory judgment action in this court. Accordingly, that court denied Appellant's claim for direct and proximate damages sustained due to the bad faith refusal of Appellee to defend the red toluene suits. Following this decision by that separate trial court, Appellant filed two motions in this case: a `Motion to Set Hearing on Issue of Damages Requested in Counterclaim' and a `Motion/Petition for Further Relief.' Appellant insisted that it was due additional compensatory damages resulting from Appellee's willful failure to defend in the face of a clear duty and attorney's fees incurred during the multiple appeals following the original determination as to attorney's fees."
{¶ 51} The Court ruled:
{¶ 52} "In its second assignment of error, Appellant asserts that the trial court erred in finding that Appellant did not request damages in conjunction with its counterclaim. Appellant contends that general language requesting `any and all relief this court deems just and proper' should be enough to put Appellee on notice that Appellant was seeking compensatory damages. Appellant further alleges that it should be awarded compensatory damages due to the bad faith refusal to defend by Appellee in this case. We disagree.
{¶ 53} `Civ. R 8(A) requires a pleading to contain `a short and plain statement of the claim showing that the party is entitled to relief and * * * a demand for judgment for the relief to which the party claims to be entitled.' Furthermore, `[a]ll pleadings shall be construed to do substantial justice.' Civ. R.8(F). In this particular case, Appellant's counterclaim laid out the required elements to support a declaratory judgment regarding the duty to defend and duty to indemnify. Appellant in no way, ever pleaded the facts necessary to support a bad faith or breach of contract claim, and never amended its pleading to do so. Appellant's claims related to any damages stemming from bad faith or breach of contract claim, therefore, are improper."
{¶ 54} As a result, the Wayne County Common Pleas Court decision was affirmed.
{¶ 55} As to the First Assignment of Error, in the case sub judice, Appellant incorrectly asserts that the court ruled that both the breach of contract and the bad faith claims were barred as being compulsory counterclaims to the Wayne County declaratory judgment action. The trial court only ruled that the breach of contract cause of action was so barred.
{¶ 56} This Court addressed similar issues as to bad faith and breach of contract claims in Goodwill Mutual Casualty Companyvs. Jonas A. Troyer (April 1, 1993), Holmes County, CA-545 wherein it was held:
{¶ 57} "The two-prong test to apply Civ. R. 13(A) is: (1) does the claim exist at the time of serving the pleading in the original action, and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim. Geauga Truck and Implement Co. v. Juskiewicz
(1984), 9 Ohio St.3d 12, 14.
{¶ 58} "* * * While the counterclaim alleges that appellees did not discover these misrepresentations until after the filing of the declaratory judgment action on September 19, 1989, the relevant pleading for purposes of determining whether these were compulsory counterclaims in the first action is the filling of the answer and the counterclaim on October 5, 1989. Troyer did not allege in his counterclaim in the instant action that he discovered the facts giving rise to the cause of action for fraud after October 5, 1989. Therefore, the court did not err in finding the claims for actual fraud and constructive fraud to be compulsory counterclaims to the 1989 action, and therefore barred from the instant action."
{¶ 59} Again, in the case sub judice, Appellee was ordered to provide coverage and provide a defense in the Wayne County case in May of 1997 and did not do so until November, 1997. Therefore, a bad faith claim could have arisen subsequent to such action and would not be a compulsory counterclaim.
{¶ 60} This Court also so ruled in the Goodwill case.
{¶ 61} "Under this allegation, Troyer could establish that the delay in paying benefits and refusal to settle, constituting bad faith, arose subsequent to our determination of the relevant limits of liability in January of 1991. Thus, this cause of action did not necessarily exist at the time of the 1989 action, and was not compulsory counterclaim."
{¶ 62} The issue of compulsory counterclaims is also reviewed in Aetna Life Insurance Company v. Little Rock Basket Co.
(1953), 14 F.R.D. 381, and in Motorists Mutual Insurance Co. v.Brandenburg (1995), 72 Ohio St.3d 157.
{¶ 63} We therefore agree with the trial court relative to the breach of contract claim having been a compulsory counterclaim under Civ. R. 13 and that the bad faith not so being required.
{¶ 64} Directing our attention to that portion of the decision as to the bad faith being barred by res judicata, we agree with the trial court.
{¶ 65} While the release would indicate that all claims are gone, we need not affirm on that basis alone or even reach an examination of such document for that issue.
{¶ 66} Again returning to the Goodwill case, this Court held:
{¶ 67} "The doctrine of res judicata involves both the effect a judgment in a prior action has on a second action, and the concept of collateral estoppel.
{¶ 68} "The principle of res judicata bars a subsequent action between the same parties, based upon the same cause of action, and renders the judgment in the first action conclusive as to all germane matters that were or could have been raised in the first action. State ex rel. Ohio Water Service Co. v. Mahoning ValleySanitary District (1959), 169 Ohio St. 31, paragraph one of the syllabus."
{¶ 69} In this case, an examination shows that the Wayne County Common Pleas Court and the 9th Appellate District ultimate decision of September 8, 2004, have foreclosed even the bad faith claim and it cannot be re-litigated.
{¶ 70} We therefore reject the First Assignment of Error.
{¶ 71} The previous ruling as to the First Assignment of Error also resolved the Second and it is also denied.
{¶ 72} The motion for sanctions filed by Appellant is one which should have been pursued in the trial court where evidence could have been taken as to the alleged misrepresentations and resolved by such court.
{¶ 73} Therefore, the motion is denied.
{¶ 74} This cause is affirmed.
Boggins, J., Wise, P.J., Edwards, J. concur.